UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Citibank, N.A., <br><br>            Plaintiff(s), <br><br> vs. <br><br> Ronald Bryla, et al., <br><br>            Defendant(s). | 2:25-cv-00732-CDS-MDC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SERVE BY PUBLICATION AND EXTEND TIME FOR SERVICE (ECF No. 24)** |

Plaintiff filed a *Motion to Serve by Publication and Extend Time for Service.* ("Motion"). *ECF No. 24*. The Court GRANTS the Motion IN PART. The Court will allow plaintiff until **November 3, 2025** to serve defendant Ronald Bryla but denies the request to serve by publication without prejudice since service by publication is a last resort.

I.      **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for service within the United States pursuant to the law of the state in which the district court is located, or in which service is made. See, e.g., FRCP 4(e)(1). Rule 4 states that "the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]"

There are several factors courts consider in evaluating a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. See *Price v. Dunn*, 106 Nev. 100, 102-104, 787 P.2d 785, 786-787 (Nev. 1990).  Other courts have recognized that considering "due process concerns, service by publication must be allowed 'only as a last resort.'" *Hernandez v. Russell*, No. 320CV00114MMDCSD, 2022 WL 347552, at *2 (D. Nev. Feb. 4, 2022), citing to *Price v. Thomas*, No. 21-cv-06370-DMR, 2021 WL 5564795, at *1 (N.D. Cal. Nov. 29, 2021) (emphasis added; citation and quotation marks omitted). This is because "it is generally recognized that service

1

by publication rarely results in actual notice." *Id*. (citation and quotation marks omitted). District courts retain broad discretion to permit service-of-process extensions under Rule 4(m). See *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Regarding extensions, "a district court may consider factors 'like statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am. Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

## II.   ANALYSIS

Plaintiff argues in its Motion that they have been unable to serve defendant Ronald Bryla. *ECF No. 24*. Plaintiff argues that it has attempted to serve defendant at two addresses, and it attempted to search for an updated address, but it has been unsuccessful. Plaintiff asks the Court to be allowed to serve Bryla by publication. Plaintiff submits a declaration from a process server that states that he attempted to serve plaintiff at his last known address in Nevada, but the current resident (co-defendant Darrell Baugh) stated that Bryla did not live there. *ECF No. 24-1*. A second declaration from a process server in Hawaii states that the unit it attempted service on was vacant and neighbors stated that Bryla moved months ago. *ECF No. 21-2*. In his declaration, plaintiff's counsel states that he attempted to search Westlaw tools but could only find the two Nevada and Hawaii addresses that it attempted to serve. *ECF No. 24-3 at 3*.

Plaintiff's asserted efforts, however, require more detail and development. Counsel states only that he used Westlaw to find the two addresses, but he does not articulate or describe how he researched different public and online records or whether he has any leads on additional addresses. For example, counsel states that he conducted "updated searches" after the two failed service attempts, but he does not articulate how he attempted updated searches. *See e.g., ECF No. 24-3 at ¶9*. The Court finds that plaintiff has not shown sufficient diligence in attempting to serve the defendant to support that service by publication, the last resort, is appropriate. Counsel has not investigated other likely

sources of information to locate and serve the defendant prior to seeking the last resort of service by publication. Plaintiff also failed support its request for service by publication with the necessary information required by NRCP 4.4(c)(2)(C)&(D). The Court has broad discretion to permit an extension under Rule 4. The defendants will not be prejudiced by a reasonable extension.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Serve by Publication or Alternative Means And Extend Time for Service* (ECF No. 24) is GRANTED AND DENIED IN PART.

2. Plaintiff's request to serve the defendant by publication is DENIED WITHOUT PREJUDICE.

3. Plaintiff's request for an extension of time to serve the defendant Ronald Bryla is GRANTED: plaintiff has until **November 3, 2025**, to serve the defendant or seek a further extension consistent with this order.

DATED: October 3, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge