UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Citibank, N.A., | Case No. 2:25-cv-00732-CDS-MDC |
| Plaintiff | **Order Granting in Part the Defendant's Motion to Dismiss** |
| v. | |
| Ronald Bryla, et al., | [ECF Nos. 25, 26] |
| Defendants | |

Plaintiff Citibank filed this action against defendants Ronald Bryla, Frank Lawrence, and Darrell Baugh. Am. compl., ECF No. 11. Citibank, among its causes of action, seeks to quiet title against all defendants for the property located at 2632 Gordon Avenue, Minden, Nevada 89423 (the Property). *Id.* Citibank also seeks to cancel the reconveyance of the property, and alternatively, seeks equitable subrogation or an equitable lien against all defendants. *Id.* at 5. Defendant Baugh moves to dismiss based on the Federal Rule of Civil Procedure (FRCP) 12(b)(6). Mot. to dismiss, ECF No. 25. This motion is fully briefed. Resp., ECF No. 29; Reply, ECF No. 31. For the reasons set forth herein, I grant the motion in part.

I.    Background[1]

Around September 23, 2008, Bryla entered into a loan transaction with Citibank and recorded an "Open-Ended Deed of Trust and Assignment of Rents Securing Line of Credit" (Deed of Trust), securing an original loan in the amount of $528,500 against the property. ECF No. 11 at 3; Deed, Pl.'s Ex. A, ECF No. 11-1. The Deed of Trust was recorded in the official records of the Douglas County Recorder on September 30, 2008. ECF No. 11 at 3. Bryla and Lawrence executed a promissory note; specifically, Bryla executed a note in the amount of $528,500, payable to Citibank. *Id.*

---

[1] Unless otherwise noted, the court only cites to Citibank's amended complaint (ECF No. 11) to provide context to this action, not to indicate a finding of fact.

Around May 10, 2022, through a mistake and or clerical error, a substitution of trustee and full reconveyance was recorded which erroneously reconveyed and or released the Deed of Trust. *Id.* at 3, ¶ 18; Reconveyance, Pl.'s Ex. B, ECF No. 11-2. As alleged, the Deed of Trust should not have been reconveyed and or released because the defendant's obligations under the note and Deed of Trust had not been satisfied in full. *Id.* at ¶ 19.

Citibank asserts that as the lender of the note and Deed of Trust, it has authority to collect payments and initiate litigation to protect the enforceability and validity of the Deed of Trust. *Id.* at 3–4. On January 24, 2025, Bryla conveyed the property to Baugh via a grant, bargain, sale deed for $70,000. *Id.* at 4. As alleged, Baugh encumbered the property with a deed of trust—Home Equity Line of Credit reciting a credit limit of $120,000 on February 24, 2025. *Id.* Baugh recorded his deed of trust on March 11, 2025. *Id.*

## II.    Legal standard

### A.  Motion to dismiss under Fed. R. Civ. P. 12(b)(6)

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under FRCP 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P.  12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under FRCP 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### B. Judicial notice

When resolving a motion to dismiss, the court is generally prohibited from referencing documents outside of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "a court may properly look beyond the complaint to matters of public record" without converting a Rule 12(b)(6) motion to one for summary judgment. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279 (9th Cir. 1986)). Federal Rules of Evidence 201 states that, on a party's request, a court must take judicial notice of an adjudicative fact not subject to reasonable dispute if supplied with the necessary information. Fed. R. Evid. 201. A fact is not subject to reasonable dispute if it is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### III. Discussion

### A. Baugh's request for judicial notice (ECF No. 26) is granted.

In his motion to dismiss, Baugh asks the court to take judicial notice of several exhibits that accompany his motion to dismiss as matters of public record. ECF No. 25 at 2 n.1. Those records include: (1) a grant bargain sale deed recorded on December 22, 2003 (Grant, Bargain

and Sale Deed, Def.'s Ex. 1, ECF No. 26-1); (2) an open-end deed of trust and assignment of rents securing line of credit filed on September 30, 2008 (Open End Deed of Trust, Def.'s Ex. 2, ECF No. 26-2); (3) a substitution of trustee and full reconveyance filed on May 10, 2022 (Substitution of Trustee, Def.'s Ex. 3, ECF No. 26-3); (4) a tax receivers certification recorded on June 6, 2024 (Tax Receivers Certification, Def.'s Ex. 4, ECF No. 26-4); (5) a grant bargain sale deed recorded on January 28, 2025 (Grant, Bargain, Sale Deed, Def.'s Ex. 5, ECF No. 26-5); (6) a redemption certificate recorded on May 7, 2025 (Redemption Certificate, Def.'s Ex. 6, ECF No. 26-6); and (7) a notice of lis pendens recorded on July 3, 2025 (Notice of lis pendens, Def.'s Ex. 7, ECF No. 26-7). *See* Request for judicial notice, ECF No. 26.

Citibank does not directly oppose Baugh's request. *See* ECF No. 29. Rather, Citibank's response to the motion to dismiss asserts that Baugh's arguments depend on disputed factual questions and legal conclusions that cannot be resolved on a motion to dismiss. *Id.* at 2. In other words, Citibank does not challenge the authenticity of the exhibits. Although courts may take judicial notice of undisputed matters of public record, they may not judicially notice "disputed facts stated in public records." *Lee*, 250 F.3d at 690. Because Citibank is not disputing that Bryla conveyed the Property to Baugh (ECF No. 29 at 3) and because Citibank does not object to the actual validity of the recorded documents, I take judicial notice of Baugh's exhibits. *See Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (taking judicial notice of recorded deed of trust, recorded assignments of deed of trust, recorded notice of default, and recorded notice of trustee's sale); *Fimbres v. Chapel Mortg. Corp.*, 2009 WL 4163332, at *3 (S.D. Cal. Nov. 20, 2009) (taking judicial notice of a deed of trust, notice of default, notice of trustee's sale, assignment of deed of trust, and substitution of trustee, as each was a public record). Accordingly, Baugh's request for judicial notice is granted.

### B. Baugh's motion to dismiss Citibank's quiet title claim is denied.

Baugh brings this motion to dismiss based on Citibank's failure to state a claim. ECF No. 25 at 2. To support his position, Baugh argues that he is a bona fide purchaser for value (BFP)

because he had no prior notice of Citibank's contention that the full reconveyance was recorded as a result of a mistake or clerical error. *Id.* In opposition, Citibank argues that Baugh cannot prevail because his BFP argument is an affirmative defense and a question of fact, not a pleading requirement. ECF No. 29 at 1. Citibank further argues that Baugh mischaracterizes its quiet title claim by framing it as an attack on his record ownership and fails to recognize that it is actually a challenge to the erroneous reconveyance and that effect on Citibank's Deed of Trust. *Id.* at 2. In reply, Baugh asserts that the reconveyance was recorded in the chain of title, providing constructive notice to prospective purchasers that Citibank's Deed of Trust no longer encumbered the property. ECF No. 31 at 1–2.

Nevada Revised Statute (NRS) § 40.010 governs quiet title actions in Nevada. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010. There are two requirements to bringing a successful quiet title claim in Nevada: "(1) the party seeking to have another party's right to property extinguished, must overcome the presumption in favor of the record titleholder, and (2) to allege that he has paid any debt owed on the property." *Olarte v. DHI Mortgage*, 2013 WL 5492694, at *2 (D. Nev. Sep. 27, 2013) (cleaned up). Further, "each party must plead and prove his or her own claim to the property in question" and a "plaintiff's right to relief therefore depends on superiority of title." *Chapman*, 302 P.3d at 1106 (citing *Yokeno v. Mafnas*, 973 F.2d 803, 808 (9th Cir. 1992)).

Baugh's motion to dismiss Citibank's quiet title claim fails for two reasons. First, Citibank has alleged with particularity facts that demonstrate that it may have superior title over Baugh. Specifically, Citibank alleges that the reconveyance and or release of the Deed of Trust was an error because the defendant's obligations under the note and Deed of Trust had not been satisfied. ECF No. 11 at 3, ¶ 19. Because this is a motion to dismiss, I need not actually determine whether Citibank or Baugh has superior title. Rather, I need only find whether

Citibank sufficiently pleads a claim, which leads me to the second reason why the motion to dismiss is denied. Baugh's arguments are not proper at the motion to dismiss stage.[2] Although Baugh cites Rule 12(b)(6) in his motion to dismiss, his argument is laser focused on his BFP status, rather than Citibank's failure to adequately state a claim. Baugh argues that as the record holder of the property, there is a presumption in his favor. ECF No. 25 at 7. But Citibank's amended complaint asserts that the reconveyance was a clerical error and improper. ECF No. 11. Because I take the complaint's allegations as true, they may overcome Baugh's presumption as the "the record titleholder." *Olarte*, 2013 WL 5492694, at *2. Consequently, Baugh's motion to dismiss Citibank's quiet title claim is denied.[3]

**C.    Baugh's motion to dismiss Citibank's cancellation of instrument claim is granted.**

Citibank brings a separate cause of action, seeking cancellation of instrument—that is, a cancellation of the alleged erroneous reconveyance. ECF No. 11 at 5. Citibank asserts that all defendants were aware, had notice and or had knowledge of the existence of the Deed of Trust as of September 30, 2008. *Id.*

Though it is unclear from Baugh's motion to dismiss, for judicial efficiency, I construe his second argument (subsection B) as seeking to dismiss Citibank's second claim. Baugh argues that by statute, BFPs are entitled to rely on the recorded full reconveyance, which was properly recorded on the date of Baugh's purchase. ECF No. 25 at 8. In response, Citibank again argues that whether Baugh can later prove BFP status is not a matter to be resolved on the pleadings. ECF No. 29 at 7. In his reply, Baugh reframes his argument and asserts that the issue with Citibank's amended complaint is that it seeks to reinstate a lien that is no longer in the chain of

---

[2] *See Lipeles v. FCA United States LLC*, 2021 U.S. Dist. LEXIS 195352, at *9 (C.D. Cal. July 8, 2021) (denying the defendant's motion to dismiss and explaining that the issues raised by the defendant are more appropriately resolved on a motion for summary judgment).

[3] Because I deny the motion to dismiss on this basis, I do not address the remaining arguments concerning whether taxes being delinquent and property being grossly maintained would place a prospective purchaser on inquiry notice that there was an unrecorded security interest. ECF No. 29 at 3; ECF No. 31 at 7.

title for the property. *Id.* at 3. As a result, he argues that NRS 107.073 and Nevada's race-notice statute defeats Citibank's claim. *Id.*[4]

In relevant part, NRS 107.073 provides that

a recorded deed of trust may be discharged by an entry on the margin of the record thereof, signed by the trustee or the trustee's personal representative or assignee in the presence of the recorder or the recorder's deputy, acknowledging the satisfaction of or value received for the deed of trust and the debt secured thereby.

NRS 107.073(1). I dismiss Citibank's cancellation of instrument claim without prejudice and with leave to amend but not for the reasons argued by Baugh, but rather because NRS 107.073 only provides a procedural mechanism for how a deed of trust may be discharged with the county recorder, so it is a remedy, not an independent claim. *See M.T. Real Est. Inv. Inc. v. Servis. One., Inc.*, 2025 U.S. Dist. LEXIS 268188, at *14 (D. Nev. Dec. 30, 2025); *see also Banks v. Mac*, 2013 U.S. Dist. LEXIS 39433 (D. Nev. Mar. 20, 2013) (explaining that cancellation of instrument is a remedy, not a claim); *see also McFarland v. JP Morgan Chase Bank*, 2014 WL 1705968, at *13 (C.D. Cal. Apr. 28, 2014) ("A request for the cancellation of an instrument such as a deed of trust is an equitable remedy that is dependent upon a substantive basis for liability and has no separate viability.").

**D. Baugh's motion to dismiss is granted as to Citibank's alternative equitable claims.**

As alternative relief, Citibank seeks and asserts an equitable lien and equitable subrogation claim. ECF No. 11 at 5. Citibank alleges that a portion of the debt secured by the Deed of Trust was used to fund the purchase price of the property. *Id.* It further alleges that a portion of the debt secured by the Deed of Trust paid off a prior security obligation recorded

---

[4] Baugh also argues in his motion and reply that Citibank waited nearly four years before taking any action to assert its claim to the property after the full reconveyance was recorded. ECF No. 25 at 7–8; ECF No. 31 at 7. In other words, Baugh argues that "Citibank's delay is fatal to each of its claims against [him]." *Id.* Because it is unclear if Baugh is raising a statute of limitations issue, I do not find this argument persuasive in resolving Baugh's motion to dismiss so I deny his motion based on this argument.

against the property with an understanding that the Deed of Trust would be recorded as a first position security interest against the property. *Id.* at 6.

Baugh seeks to dismiss both alternative claims for relief. First, Baugh argues that equitable subrogation does not apply here because there were no intervening liens. ECF No. 25 at 8. Thus, he is arguing that this case does not involve a junior lien because when Citibank recorded the Deed of Trust, it was recorded in the first position based on the extinguishment of the-then outstanding liens against the property. *Id.* Baugh next argues that Citibank's equitable lien claim fails because Citibank did not discharge or reduce an obligation owed by Baugh. *Id.* at 9. Specifically, he argues that attaching an equitable lien to property that is no longer owned by Bryla would be inherently inequitable. *Id.*

In opposition, Citibank asserts that it has properly pled an equitable subrogation claim because this doctrine restores its lien to its original priority, which leaves Baugh and United Federal as junior interests. ECF No. 29 at 9. Citibank asserts that Baugh's motion fails because if Citibank is awarded equitable subrogation to the time of the original loan both United Federal Credit Union and Baugh's interest would be junior as to Citibank's interest. *Id.* Citibank next argues that it states a viable equitable lien claim because Baugh's argument assumes disputed facts and ignores the benefit he received from Citibank's prior pay off. *Id.* at 10.

I address each of Citibank's alternative claims separately.

### 1. *Equitable subrogation*

The Supreme Court of Nevada has "recognized the doctrine of equitable subrogation in a variety of situations." *In re Fontainebleau Las Vegas Holdings*, 289 P.3d 1199, 1209 n.8 (Nev. 2012) (en banc). The doctrine of subrogation allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance. *Am. Sterling Bank v. Johnny Mgmt. LV, Inc.*, 245 P.3d 535 (Nev. 2010). In other words, "it arises when one party has been compelled to satisfy an obligation that is ultimately determined to be the obligation of another." *AT&T Technologies, Inc. v. Reid*, 855 P.2d 533, 535 (Nev. 1993).

There is limited Nevada authority on the doctrine of equitable subrogation.[5] Where Nevada law is lacking, its courts have looked to the law of other jurisdictions, particularly California, for guidance. *See Mort v. United States*, 86 F.3d 890, 894 (9th Cir. 1996); *see also Zurich Am. Ins. Co. v. Aspen Specialty Ins. Co.*, 2021 U.S. Dist. LEXIS 148739, at *7 (D. Nev. Aug. 6, 2021) (analyzing the elements of equitable subrogation from California law for guidance when resolving a motion to dismiss). California law provides that equitable subrogation is appropriate when (1) the subrogee made the payment to protect his or her own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt paid, (4) the subrogee paid off the entire encumbrance, and (5) subrogation would not work any injustice to the rights of the junior lienholder. *Mort*, 86 F.3d at 894.

In opposition, Citibank argues that restoring its lien to its original priority preserves the status quo as it existed before the reconveyance error, leaving Baugh and United Federal in the same positions they would have held had the mistake never occurred. ECF No. 29 at 10. In his reply, Baugh argues that applying equitable subrogation would cause him prejudice so it precludes applying this doctrine here. ECF No. 31 at 10.

Citibank's amended complaint does not sufficiently allege nor address the elements of equitable subrogation. In particular, it does not address the element explaining that subrogation would not cause any injustice to the rights of junior lienholders. Accordingly, Citibank's equitable subrogation claim is dismissed. Because it is unclear if amendment would be futile, I dismiss the claim without prejudice and with leave to amend.

### 2. *Equitable lien*

Baugh seeks to dismiss Citibank's equitable lien claim on the basis that attaching an equitable lien to property that is no longer owned by Bryla would be inherently inequitable. ECF No. 25 at 9. In opposition, Citibank argues that Baugh's motion to dismiss rests on

---

[5] Citibank relies on the Third Restatement. ECF No. 29 at 9 n.1. Citibank argues that the Restatement explains that equitable subrogation prevents junior interests from receiving an "unwarranted and unjust windfall" when a senior obligation is discharged by mistake. *Id.* at 10.

assumptions and factual disputes that cannot be resolved on a Rule 12(b)(6) motion. ECF No. 29 at 10. It further argues that Baugh overlooks that he benefitted from Citibank's loan because Baugh was able to obtain the property at $70,000 since Citibank had satisfied prior secured obligations. *Id.* In reply, Baugh argues that even if Baugh is not a BFP, he did not receive a benefit from Citibank loan. ECF No. 31 at 10. He asserts that the Citibank loan was extended to Baugh's predecessor in title and discharged debts owed by Bryla. *Id.*

I grant Baugh's motion but based on different reasoning. "An equitable lien is a remedy, not an independent cause of action." *SFR Invs. Pool 1, LLC v. NewRez LLC*, 2022 U.S. Dist. LEXIS 208593, at *13–14 (D. Nev. Nov. 17, 2022); *see also Am. Sterling Bank*, 245 P.3d at 538 ("[D]istrict courts have full discretion to fashion and grant equitable remedies."); *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nevada Sys. of Higher Educ.*, 492 P.3d 540, 541 (Nev. 2021) ("Nevada recognizes that equitable remedies are generally not available where the plaintiff has a full and adequate remedy at law."). Therefore, to the extent that Citibank was alleging its alternative claim for equitable lien as an independent cause of action, it is dismissed without prejudice. However, I give Citibank leave to amend its prayer for relief.

**IV.    Conclusion**

IT IS HEREBY ORDERED that Baugh's motion to dismiss **[ECF No. 25] is GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that Baugh's request for judicial notice **[ECF No. 26] is GRANTED.**

IT IS FURTHER ORDERED that if Citibank elects to file a second amended complaint to cure the deficiencies identified in this order, it must be filed on or before June 29, 2026, and it must be titled Second Amended Complaint.

Dated: June 15, 2026

_____
Cristina D. Silva
United States District Judge

10